UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARLTON E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:14-CV-437-PLR-CCS |
| v. ) | |
| ) | |
| JOY R. MCCROSKEY, Court Clerk, and ) | |
| JOSHUA D. HEDRICK, Attorney, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed a timely pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] on September 19, 2014. The Court is in receipt of an application to proceed *in forma pauperis* [Doc. 1] and motion for appointment of counsel [Doc. 4].

**I.     ANALYSIS**

    **A.     Motion to Proceed *In Forma Pauperis***

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff submitted a fully compliant application to proceed *in forma pauperis* on September 19, 2014 and it appears from that application that Plaintiff lacks sufficient financial resources to pay the $ 350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue as to Defendant Hedrick or Defendant McCroskey in her individual capacity and the corresponding claims will be **DISMISSED**. With respect to Plaintiff's claim against Defendant McCroskey in her official capacity, the Plaintiff shall have thirty days from the date of entry of the order accompanying this memorandum to amend his complaint to correct the deficiencies highlighted herein.

### B. *Sua Sponte* Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief.").

In his complaint, Plaintiff makes the allegations which follow. For some unidentified offense, Plaintiff received a state criminal sentence of four years, with six months to be served in the county jail and three and a half years on probation [Doc. 2 p. 8–10]. However, Defendant Joy R. McCroskey, the Knox County Criminal Court Clerk, made an error in Plaintiff's judgment paperwork, which caused him to serve more than the required six months in jail [*Id.* at 4–6]. Furthermore, Plaintiff's attorney, defendant Joshua D. Hedrick, did not respond promptly to Plaintiff's telephone calls concerning his quandary and waited forty-four days to come to his client's assistance [*Id.*]. Counsel's delayed response hindered Plaintiff's release following the expiration of the confinement part of his sentence [*Id.*]. For the alleged infringement of his rights, Plaintiff seeks monetary damages [*Id.* at 5].

2

Case 3:14-cv-00437-PLR-CCS   Document 7   Filed 08/11/15   Page 2 of 8   PageID #: 38

First of all, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); s*ee also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The second element is missing from Plaintiff's claim against his attorney because Defendant Joshua D. Hedrick, a private attorney, was not acting under color of state law when he delayed responding to Plaintiff's phone calls. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1981) (noting person sought to be held liable for deprivation of a plaintiff's constitutional rights under § 1983 must be "fairly said to be a state actor"). While private actors may be liable under § 1983, if they conspire with a state actor to violate civil rights, *id*. at 941, the complaint contains no allegations of this nature. Therefore, at this time, Plaintiff's allegations against Defendant Hedrick fail to state a claim which would entitle him to relief under § 1983, are frivolous under 28 U.S.C. § 1915(e)(2), and will be **DISMISSED** accordingly.

With regard to his claim against the Defendant McCroskey, Plaintiff seeks compensatory damages [Doc. 2 p.7], alleges individual wrong "totally without penological justification," and asserts "policy making officials established a constitutionally inadequate state procedure for depriving Plaintiff [of] his protected liberty interest" [*Id.* at 5]. Construing Plaintiff's pro se complaint liberally as required by the Sixth Circuit, s*ee Garrett v. Belmont County Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) ("Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally"

3

Case 3:14-cv-00437-PLR-CCS   Document 7   Filed 08/11/15   Page 3 of 8   PageID #: 39

(internal citations omitted)), the Court finds Plaintiff intended to sue Defendant McCroskey in both her individual and official capacities.[1]

With regard to the claim against Defendant McCroskey in her individual capacity, the Knox County Criminal Court Clerk is entitled under the doctrine of immunity to actual "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The specific type of immunity which Defendant McCroskey enjoys is quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). In determining whether a defendant enjoys this type of immunity, "courts look to the nature of the function being performed rather than the identity of the actor performing it." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013) (citing *Bush*, 38 F.3d at 847).

A court clerk who prepares orders and judgment for entry by a judicial officer, in compliance with a judge's directive, is performing a quasi-judicial function and, thus, is entitled to quasi-judicial immunity. *See Coleman v. Governor of Michigan*, 413 F. App'x 866, 874, 2011 WL 894430, *6 (6th Cir. Mar. 16, 2011) (affirming dismissal of plaintiff's claim against a court clerk whose "alleged actions clearly involved the adjudication of his criminal case"); *Smith v.*

---

[1] While other courts follow a per se rule requiring § 1983 plaintiffs to affirmatively plead that an official is being sued in his "individual capacity" in order to establish that the official is a "person" that can be held liable under § 1983, the Sixth Circuit follows a "course of proceedings" test. *Moore v. City of Harriman*, 272 F. 3d 769, 772 (6th Cir. 2001). The relevant concern is whether the course of proceedings has fairly provided defendant with notice that he is sued in his individual capacity. *Id.* In making this determination, the court considers: (1) the nature of the claims; (2) whether plaintiff seeks compensatory or punitive damages; (3) the nature of the defenses set forth in response to the complaint, specifically claims of qualified immunity; and (4) whether subsequent filings put defendant on notice of the capacity in which he is sued, subject to considerations of timing and fairness. *Id.* at 772 n. 1. Under the facts of the current case and assertions contained in Plaintiff's pleading, the Court finds plaintiff intended to sue Defendant McCroskey in both her individual and official capacities.

*Shelby County, Tenn.*, 3 F. App'x. 436, 438, 2001 WL 128348, *1 (6th Cir. Feb. 6, 2001) (finding *sua sponte* dismissal of prisoner's claims against clerk of court proper since challenged actions "clearly involved the adjudication of his criminal case"). In preforming administrative tasks connected to Plaintiff's criminal court judgment, Defendant McCroskey's action "clearly involved the adjudication of his criminal case." Therefore, she enjoys immunity from Plaintiff's suit for damages. As such, Plaintiff's claim against Defendant McCroskey in her individual capacity will be **DISMISSED**.

With regard to Plaintiff's claim against Defendant McCroskey in her official capacity, it is well established that an official capacity claim against a local official is "essentially a claim of municipal liability against the official's employer," *Webster v. Robertson County Jail*, No. 3:10-0572, 2010 U.S. Dist. LEXIS 133335, at *6 (M.D. Tenn. Dec. 16, 2010), in this case Knox County.[2] To survive *sua sponte* dismissal, Plaintiff must set forth facts upon which municipal liability can be found by showing the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Knox County. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In short, Plaintiff must plead a causal link between an official policy or custom and the alleged constitutional violation. Even pro se pleadings however must contain "more than [mere] labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Aschroft v. Iqbal*, 556 U.S. 662 (2009). Because a single conclusory statement that

---

[2] Sixth Circuit case law is clear, because individuals sued in their official capacities stand in the shoes of the entity they represent, the only true defendant is the government entity that employed the individual. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); see also *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for . . . local government units can be sued directly [under § 1983] for damages and injunctive or declaratory relief."); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 348 (6th Cir. 2007) ("To the extent [the plaintiff's]suit is against [the local official] in his official capacity, it is nothing more than a suit against [the municipality] itself.").

5

"policymaking officials established a constitutionally inadequate state procedure," absent any additional alleged factual basis for the deficiency, falls short of the plausibility pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Plaintiff's complaint in its current form fails to state a claim.[3]

Plaintiff shall have thirty days from the date of entry of the order accompanying this memorandum to amend his complaint to correct the deficiency highlighted above. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Failure to undertake timely amendment of the complaint will result in the case being dismissed for failure to state a claim, failure to prosecute, and to follow the Court's order.

### C. Plaintiff's Remaining Non-Dispositive Motion

Without citation to specific facts or circumstances in support of his motion, Plaintiff requests the court appoint counsel to represent him in the current § 1983 action [Doc. 4]. The appointment of counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of Plaintiff's motions, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim, this Court is of the opinion that counsel is not necessary at this time to insure Plaintiff's claims are fairly heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Doc. 4] will be **DENIED**.

---

[3] Courts in the Sixth Circuit have rejected applicability of heightened or lower pleading standards for § 1983 claims and instead found that the same requirement *Twombly* and *Iqbal* plausibility pleading standards govern. *See e.g.*, *Hutchison v. Metro Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly."); *Vidal v. Lexington Fayette Urban Cnty. Gov't*, No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, at *3 (E.D. Ky. Sept. 8, 2014); *Kustes v. Lexington Fayette Urban Cnty. Gov't*, No. 5:12-323-KKC, 2013 U.S. Dist. LEXIS 125763, at *5 (E.D. Ky. Sept. 3, 2013).

## II.    CONCLUSION

Because Plaintiff is an inmate in the Turney Center Industrial Complex, he is herewith **ASSESSED** the civil filing fee of $350.00.  Pursuant to 28 U.S.C. § 1915(b)(2),  the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, <u>U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902</u>,  twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.[4]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Turney Center Industrial Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

For the reasons discussed in proceeding sections, Plaintiff's 42 U.S.C. § 1983 claims [Doc. 2] against Defendant Hedrick and Defendant McCroskey individually will be **DISMISSED** for failure to state a claim and suing a defendant who is immune from the action for damages.  However, with regard to his remaining claim against Defendant McCroskey in her official capacity, Plaintiff will be given thirty days from entry of the order accompanying this

---

[4]    An initial partial filing fee, which typically is assessed in a prisoner's civil case, is not required when a prisoner has no funds in his trust account, though he "is still obligated to pay the full filing fee when money does become available." *McGore v. Wrigglesworth*, 114 F.3d 601, 601 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

memorandum to remedy the deficiencies in his claim. Plaintiff's motion for appointment of counsel [Doc. 4] will be **DENIED**. The Court has reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**